[Civ. No. 4416. Third Appellate District.—April 20, 1933.]

SERENA E. MEDDAUGH, Respondent, v. ELLA STROUP, Appellant.

Gumpert & Mazzera for Appellant.

Jos. H. Huberty for Respondent.

PLUMMER, J.—The findings of the court in this action are to the effect that within two years preceding the commencement thereof the defendant became, and ever since has been, and now is indebted to the plaintiff in the sum of $1182.05, as and for money had and received by the defendant from the plaintiff to and for the use and benefit of the plaintiff. That before the commencement of this action the plaintiff demanded the return of said sum, but that the defendant has neglected, failed and refused to return or pay the same, or any part thereof, to the plaintiff,

and that there is now due to the plaintiff from the defendant the sum of $1182.05. Judgment was entered in accordance with the findings. From this judgment the defendant appeals.

The basis of the appeal is the alleged insufficiency of the evidence to support the findings to which we have just referred.

The record shows that during all the times mentioned in the complaint the plaintiff was the owner of a certain cafe in the town of San Andreas, known as and called the "Meadow Lark Cafe"; that on or about November 4, 1928, the plaintiff left San Andreas and entered into a hospital for treatment, and remained away until about the 4th of February, 1929; that during the absence of the plaintiff from the town of San Andreas, the defendant took charge and supervision of the money received from the business conducted at the cafe, depositing the cash in a bank at San Andreas and paying bills. During this time it is alleged that the defendant received and converted to her own use the amount of moneys belonging to the plaintiff.

The record further shows that the defendant, during the period referred to, resided with a friend in the city of Stockton, and was accustomed to drive to San Andreas two or three times a week and collect the moneys received from patrons of the cafe. There is testimony in the record to the effect that on some of the trips referred to the defendant exhibited and spoke of moneys in her possession upon her return to Stockton, as being receipts from the cafe. The record further shows that during the period referred to there were some three or four persons employed in the cafe, spoken of in the testimony as a "restaurant"; that the money taken in was placed in a cash register and rung up as received. It appears that a witness by the name of Irene Bible Wise was accustomed to take the money out of the cash register at the close of each day's business and secrete or place the same in an upper room used as a bedroom of the building in which the cafe was located; that whenever the defendant arrived at San Andreas this money would be turned over to her. It does not appear that this money was counted by the defendant when received, or any receipt thereof given by her to the witness Wise. Practically the whole argument of the appellant is devoted to the testimony

of the witness Wise, and the arguments based thereon that the witness Wise was and is unworthy of belief; that her testimony is contradictory and in some particulars incredible.

It is further insisted that there is no testimony supporting the findings of the trial court.

We do not need to pass upon the question as to the credibility of the witness Wise, as that was primarily for the trial court. If there is any testimony in the record which, if believed by the trial court, supports the findings, the judgment in the action must be affirmed.

As stated by the respondent the following facts are undisputed. The defendant went to San Andreas two or three times a week and received currency and checks from Irene Bible Wise for deposit in the bank at San Andreas. There is no dispute that the defendant received proceeds from the business conducted at the cafe, and brought the same with her to Stockton; that she exhibited checks and currency thus received to her companion, Mrs. Ball, stating that it was proceeds of the Meadow Lark Cafe, which had been received by the defendant for the purpose of deposit in the Central Bank of Calaveras, at San Andreas. There is no dispute that the defendant was the only person who took or received money from the business for the purpose of deposit.

The records also show, and there is no dispute of the fact, that between December 27, 1928, to and including February 4, 1929, defendant deposited only two checks, namely, one for $8.80 and one for $18.25, and during the same period of time the receipts from the business conducted at the cafe amounted to the sum of $1447.71. It is likewise undisputed that the defendant did not pay any of the principal items of expense or overhead charges incurred in the ·conduct of the cafe business during said period, and that the plaintiff was compelled and forced to pay for supplies obtained and bills incurred during said period the sum of $1460. There is no dispute that the report of the certified accountant who examined the records and business of the cafe, showed a deficit, incurred during the time mentioned in the complaint, of $1411.48, against which the defendant, Stroup, showed receipts or a credit in the sum of $229.43, leaving a balance due of $1182.05, being the amount of the judgment.

It was for the trial court to determine the truth of the testimony supporting what we have just said. Being accepted by the trial court as true, the findings and judgment are amply supported.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.